UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DEBORAH G.[1], | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 2:22cv304 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act, and for Supplemental Security Income under Title XVI of the Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.

2

2. The claimant has not engaged in substantial gainful activity since June 1, 2017, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.)

3. The claimant has the following severe impairments: Carpal Tunnel Syndrome, COPD, Degenerative Disc Disease of the Lumbar Spine, Diabetes, Neuropathy, Sleep Disorder, Restless Leg Syndrome and Status Post Stroke (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that prior to August 1, 2021, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can frequently handle and finger, and occasionally operate foot controls. She can frequently climb ramps and stairs, as well as frequently stoop and crouch. She can never climb ladders, ropes, or scaffolds, never kneel, never crawl, never work at unprotected heights, never work around dangerous machinery with moving mechanical parts, and never balance, as the term is defined in the Selected Characteristics of Occupations. She must avoid concentrated exposure to extreme cold, humidity, vibration, and dust, odors, fumes, and pulmonary irritants. As of August 1, 2021, the claimant has the residual functional capacity to perform the full range of sedentary work, except that she can frequently handle and finger, and occasionally operate foot controls. She can occasionally climb ramps and stairs, as well as occasionally stoop and crouch. She can never climb ladders, ropes, or scaffolds, never kneel, never crawl, never work at unprotected heights, never work around dangerous machinery with moving mechanical parts, and never balance, as the term is defined in the Selected Characteristics of Occupations. She must avoid concentrated exposure to extreme cold, humidity, vibration, and dust, odors, fumes, and pulmonary irritants. She will need a medically necessary cane to walk.

6. The claimant is capable of performing past relevant work as an Auction Clerk (D.O.T. # 294.567-010). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2017, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 2761-2773).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on February 7, 2023.  On May 10, 2023 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on May 24, 2023. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled.  *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987).  The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"? (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present case, Step 4 was the determinative inquiry.

Plaintiff filed her claims for disability benefits in January of 2018, alleging a disability onset date of June 1, 2017.  After a hearing, an ALJ issued an unfavorable opinion dated June 28, 2019.  This decision was ultimately appealed to this Court and, on October 5, 2021, the case was

4

remanded to the Agency for a new hearing.[2] On July 25, 2022 a new hearing was held and on August 2, 2022, the ALJ again issued a decision denying benefits. This second decision is the subject of the current appeal.

In suppport of remand, Plaintiff first argues that the medical evidence documents that she would be absent at least one and a half days per month due to medical appointments. Plaintiff contends that the ALJ failed to address this evidence. In support of her argument, Plaintiff points out that from her onset date of June 2, 2017 to the close of the record on April 15, 2022, she went to the doctor a total of 105 times, which averages nearly two visits per month. However, as the Commissioner points out, Plaintiff is assuming that every doctor visit would require an absence from work. The Commissioner argues that this is unrealistic as some of the appointments were labs and tests, which can easily be scheduled around work. Additionally, it is common knowledge that many (if not most) medical establishments offer early morning hours, evening hours, and Saturday hours, to accommodate patients' work schedules. Thus, this Court agrees with the Commissioner that remand is not warranted on this issue.

Next, Plaintiff claims that the ALJ violated the law of the case doctrine when he redetermined Plaintiff's past relevant work. In the first decision, the ALJ characterized Plaintiff's past work as that of an office clerk, which is light in exertion and semi-skilled. In the second decision, the ALJ characterized Plaintiff's past work as that of an auction clerk, which is sedentary and semi-skilled. Plaintiff relies on *Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991) to support her contention that her job description could not be re-visited at the subsequent hearing.

---

[2] 2:20cv263-SLC

In *Key*, because the ALJ's holding that the claimant could perform no more than sedentary work was "conclusory" the district court remanded specifically to allow the ALJ to make a finding as to the physical and mental demands of the claimant's past relevant work as an assembler to determine whether that work was sedentary in nature. Following this remand, the ALJ at the second hearing failed to follow the remand order and, instead redetermined the claimant's past relevant work. The Seventh Circuit held that because the district court, by "necessary implication", had affirmed the ALJ's finding that the claimant's past relevant work was that of an assembler, this issue was closed and the law of the case doctrine prohibited the ALJ from redetermining that the claimant's past relevant work included "light cashier work"

In the present case, the district court remand order did not make a determination as to the category of Plaintiff's work. Rather the remand order held that the ALJ erred in the subjective symptom analysis and in the consideration of a medical source opinion. However, as in *Key*, this Court by "necessary implication" had affirmed the ALJ's finding that Plaintiff's past relevant work was that of an office clerk, rather than an auction clerk. The remand order did not authorize the ALJ, in the subsequent decision, to redetermine Plaintiff's past relevant work. Thus, the fact that Plaiintiff's past relevant work was that of an office clerk is the law of the case.

Plaintiff further argues that since it has been determined that her past relevant work as an office clerk is light work and semi-skilled, and it has also been determined that Plaintiff was limited to sedentary work after her stroke on September 1, 2021, Plaintiff has been found unable to perform her past relevant work. Further. since Plaintiff was over age 55 as of September 1, 2021, the grid rules require a finding of disabled from September 1, 2021 onward, as there were no transferable skills.

Although the Commissioner has put forth a weak (and incorrect) argument asserting that the law of the case doctrine does not apply, the Commissioner has not addressed the issue of whether a remand for an award of benefits is appropriate. This Court finds that Plaintiff's position is correct and that benefits must be awarded from September 1, 2021 onward. A new hearing is required to determine whether Plaintiff was also disabled during the time period between July 1, 2017 to August 30, 2021.

Plaintiff next argues that the ALJ erred when he relied on the testimony of a medical expert to support his conclusion that Plaintiff could perform light work. The ALJ held that Plaintiff has the RFC to perform a reduced range of light work prior to August 1, 2021 and a reduced range of sedentary work after that date (Tr. 2762). The medical expert, Dr. Jilhewar, testified:

> I see we eliminated the so-called light duty capacity, you want her to lift and carry up to 20 pounds occasionally, up to ten pounds frequently, and would sit up to six hours in an eight-hour workday, and would stand and walk in any combination for six hours in an eight-hour workday. There is no need for unscheduled breaks. There is no need to use an assistive device to ambulate. Use of foot control is only occasional because of pain in both lower extremities. Other than continuous postural limitations, unable to work at ladders, ropes, and scaffolds, unable to kneel and crawl, all due to degenerative disc disease of lumbar spine, with a facet joint arthritis. And then regarding other functions, which is ramps, stairs, balance, stoop, and crouch are frequent rather than continuous. Regarding objectives due to the presence of carpal tunnel syndrome on the EMG. Since the date of the EMG, claimant was limited to frequent gross, and fine manipulation, meaning frequent rather than continuous fingering and handling on gross and fine manipulation since the date of the EMG to the present, but all her functions that we've seen in all the records, there are no limitations in the medical record regarding visual, hearing and no limitations because of chronic obstructive pulmonary disease. Only occasional exposure to extreme cold, and extreme humidity, limited because of chronic pain.

(Tr. 2801-02).

The ALJ concluded from this nearly incomprehensible testimony that the medical expert testified that Plaintiff could perform light work.  The Commissioner points out that the medical expert also testified that a cardiac stress test "shows that she can't do the light duty capacity on that date of the stress test" (Tr. 2789), but that she could lift and carry 20 pounds occasionally and 10 pounds frequently, and could stand and walk for up to 6 hours in an 8-hour day (Tr. 2794-95), which is basically the definition of light work.

The Commissioner makes the convoluted argument that "because the medical expert testified to eliminating 'light duty' but clearly opined that Plaintiff could perform light exertional work, a reasonable interpretation is that he meant light duty as something different from light exertional work." (Response at 8).   The Court disagrees, as the ALJ's interpretation is not reasonable at all.   There is no distinction anywhere between "light duty work" and "light exertional work."   Either the medical expert misspoke or was confused, but as the record now stands, the medical expert's testimony is an insufficient basis to hold that Plaintiff was capable of performing a reduced range of light work.  Therefore, remand is required on this issue.

## Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby REVERSED and REMANDED for further proceedings consistent with this Opinion.


 Entered: June 15, 2023.


    s/ William C.  Lee    
    William C. Lee, Judge  
    United States District Court